GARDEN, JUDGE:
The respondent Board of Regents on behalf of Marshall Uni *252 versity, one of the institutions under its supervision and control, arranged fdr bids to be let for the replacement of the Astro-Turf on Marshall’s football field on April 26, 1978. The claimant, Monsanto Company, hereinafter referred to as Monsanto, submitted a bid in the amount of $390,000.00 to remove the old turf and to put down new Astro-Turf. A bid from Super-Turf was also submitted in the amount of $386,920.78. Thereafter, Monsanto received from the respondent a letter of intent dated May 10, 1978, which specifically stated: “This letter of intent does not authorize you to commence work on the referenced project. Any work performed or any materials purchased or contracted for prior to receipt of a written ‘Notice to Proceed’ and/or a purchase order shall be at the contractor’s risk.” The letter requested certain documentation from Monsanto required to be executed before the contract could be awarded to Monsanto. Included with this letter was the standard Form of Agreement which Monsanto signed and returned to the respondent.
Monsanto requested permission to remove the old turf prior to the time the contract was approved by the respondent, and was informed by Larry Barnhill, an employee of the respondent, that the contract had not been signed, and that if Monsanto performed any work it would be at Monsanto’s own risk. On May 31, 1978, Monsanto sent employees to remove the old turf, which work was completed on June 6, 1978.
The Department of Finance and Administration awarded the bid to the low bidder, Super-Turf, and the respondent refused to pay claimant’s invoice in the amount of $13,010.00 for the removal work. The claimant filed this claim to recover the amount of the invoice.
The respondent admits the work was performed by Monsanto but takes the position that the claimant proceeded at its own risk without a contract. Cost of removing the old turf was included in the bid of the low bidder.
To support its position, the claimant contends its claim is similar to one awarded by this Court in Russell Transfer v. *253 Alcohol Beverage Control Commissioner, 10 Ct.Cl. 40 (1973). The instant case is distinguishable from that claim as the claimant therein had an executed contract. The Department of Finance and Administration refused to issue a purchase order to permit performance of the contract. The Court held that the issuance of a purchase order “is a ministerial act, and the destruction of it ... in no manner nullified a written and legally enforceable contract between the parties.”
In this claim the evidence is undisputed and, accordingly, it must be denied.
Claim disallowed.